

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 24, 1960

*Superseded By Art. 29-d V.C.S.*

Honorable Russell D. Austin
County Attorney
Andrews County
Andrews, Texas

Opinion No. WW-864

Re: Office of County Clerk and
District Clerk becoming
separated in view of increase
in population over 8,000 in-
habitants according to the
1960 Federal Census.

Dear Mr. Austin:

You have requested an opinion on the following questions:

"1. When do the offices of County Clerk and
District Clerk become automatically separated in
Andrews County in view of the increase in the popu-
lation as above stated?

"2. If the present joint County Clerk and Dis-
trict Clerk desires to become the District Clerk
and the local democratic committee is willing to
place his name upon the ballot as the democratic
nominee for the coming general election, can that
be done by said local democratic committee at the
September meeting of said local democratic com-
mittee?

"3. If the present joint County Clerk and Dis-
trict Clerk desires for his name to be placed upon
the ballot as the democratic nominee on the ballot
for the general election in November, can the duly
authorized local democratic convention in September
also place upon the ballot a named candidate for the
office of County Clerk to appear as the democratic
nominee in the November general election?

"4. In the event that question three has been
answered in the negative, can the Andrews Commission-
ers Court appoint a County Clerk to serve to the end
of the present County Clerk's term, December 31, 1962?

"5. If separation of the joint office of County Clerk and District Clerk is automatically separated on account of the census report of Andrews County, would the person now the duly elected County Clerk and District Clerk have the choice of determining which of the offices of County Clerk or District Clerk he would choose to hold for the remainder of his elected term by reason of his having been elected to said office in the election of 1958?"

These questions are asked on the assumption of facts stated in your request as follows:

"Prior to the 1960 Census, the population of Andrews County was less than 8,000. The preliminary reports and publications in surrounding newspapers as well as the local paper have given the population for the City of Andrews as well over 11,000, and the population for the County of Andrews as over 13,000. When the County Clerk was elected in 1958, the office was the joint office of District and County Clerk. No one had his name on the ticket for County Clerk or for District Clerk in the Democratic Primary held here this year, nor did the local democratic convention nominate anyone to be placed upon the ballot for the general election in November of 1960. . . ."

Section 9 of Article V of the Constitution of Texas, provides as follows:

"There shall be a Clerk for the District Court of each county, who shall be elected by the qualified voters for State and county officers, and who shall hold his office for four years, subject to removal by information, or by indictment of a grand jury, and conviction of a petit jury. In case of vacancy, the Judge of the District Court shall have the power to appoint a Clerk, who shall hold until the office can be filled by election. As amended Nov. 2, 1954."

Section 20 of Article V of the Constitution of Texas provides as follows:

"There shall be elected for each county, by the qualified voters, a County Clerk, who shall hold his

office for four years, who shall be clerk of the
County and Commissioners Courts and recorder of
the county, whose duties, perquisites and fees
of office shall be prescribed by the Legislature,
and a vacancy in whose office shall be filled by
the Commissioners Court, until the next general
election; provided that in counties having a
population of less than 8,000 persons there may
be an election of a single Clerk, who shall per-
form the duties of District and County Clerks.
As amended Nov. 2, 1954."

In Attorney General's Opinion WW-851 (1960) on a simi-
lar question involving the office of sheriff and the office
of assessor-collector of taxes, it was held that where a
county had a population of more than 10,000 according to the
1950 Federal Census, and having a population of less than
10,000 according to the 1960 Federal Census the assessor-
collector of taxes for such county remains the assessor-
collector of taxes for such county until the expiration of
his term of office. This conclusion was based upon the
holding in Attorney General's Opinion 2249 (1920), that
such offices were not intended to be separated or combined
as the case may be, as of the date of such census, but were
intended to be and should be separated or combined, as the
case may be, as of the date of the termination of the term
of office to which the incumbent was elected. It is noted
that the provisions of Section 20 of Article V of the
Constitution of Texas, as amended in 1954, provides that
in counties having a population of less than 8,000 persons
there may be an election of a single clerk. The next elec-
tion for this office will not occur until November 1962.
On that date counties having a population in excess of 8,000
inhabitants will not be authorized to elect a single clerk,
but must elect individuals to hold the separate offices of
district clerk and of county clerk.

In view of the foregoing, and under the facts submitted,
your questions are answered as follows:

The offices of county clerk and district clerk in Andrews
County become separated as of January 1, 1963.

## SUMMARY

Where a county had a population of less than
8,000 inhabitants, according to the 1950

Federal Census, and has a population of more than 8,000 inhabitants, according to the 1960 Federal Census, the combined office of a single clerk who shall perform the duties of the district and county clerk do not become separated until the expiration of the term of office to which the incumbent was elected, January 1, 1963.

Yours very truly,

WILL WILSON
Attorney General of Texas

John Reeves
Assistant Attorney General

JR:ms

APPROVED:

OPINION COMMITTEE
J. C. Davis, Chairman

Henry G. Braswell
Marietta Payne
H. Grady Chandler
Ralph R. Rash
Byron Fullerton

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore